UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

DEC 30 2019

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NUMBER C-19-2038 (01) |
| § | |
| MATTHEW JOHN SAYLES § | |

## FACTUAL STATEMENT IN SUPPORT OF PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Michael Hess, Assistant United States Attorney, and the defendant, Matthew John SAYLES, and the defendant's counsel, hereby stipulate as follows:

I.

If this case proceeded to trial, the United States of America would prove each element of the offense of Conspiracy to possess with intent to distribute methamphetamine, in violation of Title 21, U.S.C. 846, 841(a)(1) and 841(b)(1)(A), beyond a reasonable doubt. The following facts, among others, would be offered to establish the Defendant's guilt:

II.

On April 4, 2019, agents executed a search warrant at a residence located within the Corpus Christi Division of the Southern District of Texas. Agents Corpus Christi Division of the Southern District of Texas. Agents Corpus Christi Division of the Southern District of Texas. Agents found a number of individuals at the location, including Cooperating Defendants 1, 2, and 3 [CD 1, CD

7

2, and CD 3]. During a search of the residence, agents found small amounts of narcotics strewn throughout the residence. In the master bedroom, agents found several loose white rocks on the bed (DEA lab confirmed cocaine base with net weight of 4.033 grams), and a black makeup bag containing three clear plastic baggies containing white powdery substance (two of the bags contained what DEA lab confirmed to be cocaine base with net weight of 2.9 grams, and one bag contained what DEA lab confirmed to be heroin with net weight of 5.972 grams). Inside a trash can in the master bedroom, agents found one clear plastic baggie containing a brown powdery substance (DEA lab confirmed heroin with net weight of 1.308 grams) and two clear plastic baggies containing a white powdery substance (DEA lab confirmed d-methamphetamine with net weight of 1.231 grams). On the living room table, agents found one clear plastic baggie containing a clear white crystal substance (DEA lab confirmed d-methamphetamine with net weight of 2.565 grams). In the bathroom, agents removed the toilet and found two clear plastic baggies containing a brown powdery substance (one bag contained what DEA lab confirmed to be heroin with net weight of 3.141 grams, and one bag contained what DEA lab confirmed to be heroin with net weight of 40.178 grams). In the kitchen, agents found a glass Pyrex cup containing a round, hard white rock substance (DEA lab confirmed cocaine base with net weight of 23.384 grams) and milky water (DEA lab confirmed cocaine with net weight of 243 grams). At another, related residence, agents located a bag wrapped in gray duct tape containing two clear plastic baggies containing a clear crystal-like substance (DEA lab confirmed d-methamphetamine with net weight of 50.355 grams), two clear plastic baggies containing a brown hard substance (DEA lab confirmed noscapine hydrochloride with net weight of 47.52 grams), and one clear plastic baggie containing a white powdery substance (DEA lab confirmed cocaine with net weight of 9.397 grams).

After being Mirandized, CD 1 stated that the drugs were provided by a person known as "Mateo" in Corpus Christi, Texas.

CD 2 agreed to assist agents by sending text messages to SAYLES about the seizure. CD 2 told SAYLES that they "got hit!" SAYLES replied, "Fuck wat happen…who they take and wat they". CD 2 replied, "They got everything, they found it all, not all but what we had here at trap". SAYLES responded, "Oh his girl said laws went too her house and found some stuff". Later, SAYLES said that he was going to try to bond CD 3 out if he could afford it. SAYLES commented that "They charged him and terry with tampering also so I guess someone tried too flush or destroy" and "Both of them got charged the same with like 4 felony counts".

On August 20, 2019, CD 2 met with agents with DEA and Texas DPS. Regarding SAYLES, CD 2 identified a photograph of SAYLES in a six-person photo lineup as the person CD 2 knew as MATEO. CD 2 identified MATEO's residence to be located at 5702 Tanglewood Drive, Corpus Christi, Texas.

CD 2 stated that on April 04, 2019, he, CD 3, and another travelled to MATEO's house located at 5702 Tanglewood Drive, Corpus Christi, to pick up approximately one (1) ounce of cocaine from MATEO. CD 2 stated that CD 3 went inside MATEO's house to obtain the drugs from MATEO.

On August 21, 2019, CD 3 met agents with DEA and Texas DPS. Regarding SAYLES, CD 3 stated that CD 3 met "MATEO," who CD 3 identified out of a photo lineup as Matthew SAYLES, at SAYLES' store. (Agents know that SAYLES owned a business named "MIA'S MARKET" which was located at 1702 Van Loan Avenue, Corpus Christi, Texas.) ~~CD 3 stated that CD 3 obtained heroin from SAYLES approximately three (3) times~~. CD 3 stated that all the

9

drugs that Texas DPS seized on April 04, 2019, came from SAYLES and was SAYLES' dope.

Therefore, as part of this factual basis, defendant Matthew John SAYLES admits and confesses that from on or about February 1, 2019 through on or about April 4, 2019, he did knowingly and intentionally conspire with others to possess more than 50 grams of methamphetamine with the intent to distribute it, in the Southern District of Texas.

_____    12-30-19
MATTHEW JOHN SAYLES                 Date
Defendant

APPROVED:

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: _____    _____
MICHAEL E. HESS                        DAVID KLEIN
Assistant United States Attorney       Attorney for Defendant
Southern District of Texas

10